**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN S. SHALLOW, | No. 12-16226 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01886-ROS |
| v. | |
| MOLLEN IMMUNIZATION CLINIC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Sean S. Shallow appeals pro se from the district court's judgment dismissing

his employment action alleging violations under Title VII and the Americans with

Disabilities Act ("ADA"), as well as state law.  We have jurisdiction under 28

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  We affirm.

The district court properly dismissed Shallow's action because Shallow failed to allege a cognizable claim for relief in his first amended complaint.  *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" (citation omitted)); *see also* 42 U.S.C. § 2000e-2 (Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin"); Ariz. Rev. Stat. Ann. § 12-541 (one-year statute of limitations for slander or libel claims); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc) (elements of a discrimination claim under the ADA); *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007) (elements of a defamation claim under Arizona law).

The district court did not abuse its discretion by denying Shallow additional leave to amend.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile or if previous amendments failed to cure

deficiencies).

Because we affirm on the basis that Shallow failed to state a claim, we do not consider Shallow's contentions concerning his service attempts and alleged barriers to completing service.

**AFFIRMED.**